By the Court.
Roman H. Gray, the plaintiff in error, brought suit in the court of common pleas of Cuyahoga county against the defendants in error to recover damages claimed to have been sustained by him in consequence of certain false and fraudulent representations made to him by the defendants, whereby they induced him to purchase a moving picture theatre, known as the “Majestic,” in the city of Cleveland.
The petition alleges that the defendants Horn and Hoover were a partnership engaged in the *491 business of conducting a moving picture theatre in the Majestic Building, and that they employed the defendant Gordon as their agent and broker, for the purpose of selling to the plaintiff their theatre business; that the negotiations between the parties began in the month of November, 1914; that during the period covered by the negotiations the false and fraudulent representations were made; that by reason thereof, relying on them, and while ignorant of their falsity, the plaintiff entered into a contract with the defendants, by which he purchased from Horn and Hoover the said business; and that pursuant to the contract of purchase he paid to the defendants the sum of $12,500 as the purchase price, and received from Horn and Hoover, on the 24th day of December, 1914, a bill of sale conveying to him the theatre business. The different steps in the negotiations and the alleged false and fraudulent representations are set out in detail in the petition.
The material representations charged to have been made to the injury of the plaintiff were to the effect that the theatre business had been producing, and was then producing, a net profit, over and above all expenses, of $200, and more, a week, and that the theatre building was in substantial condition and repair, with a seating capacity of 1300.
The petition alleges that all these representations were false, were known to be so by defendants at the time they were made, and were made for the purpose of inducing the plaintiff to make the purchase aforesaid. The petition alleged that the *492 property was not worth to exceed $1,000 at that time.
Separate answers were filed by the defendants, in which an issue was made by each as to the allegations of false and fraudulent representations and the damage to the plaintiff thereby. On the trial of the case to a jury, at the close of the plaintiff’s case, a motion was made to direct a verdict in favor of the defendant Gordon, which was renewed at the close of all the testimony. These motions were overruled. The jury returned a verdict for the plaintiff for the sum of $14,750.
On the hearing of the motion for a new trial the plaintiff remitted “all of said verdict in excess of $14,000.” The motion was overruled and judgment entered for the plaintiff. On error this judgment was reversed by the court of appeals, and from the entry in that court it appears that the judgment was reversed “for error in the admission of evidence offered by the plaintiff in the Court of Common Pleas, without limiting its application to the false representations relied upon for recovery; in refusing to instruct the jury as requested by defendant in error in special request No. 1 before argument; and for error in general charge.”
The jury having found the issues of fact in favor of the plaintiff, it was the duty of the court of appeals to weigh the testimony, and it appears from the opinion of that court, which is printed in the briefs of counsel, that in the performance of this duty the court was far from satisfied upon that matter, although it did not feel justified to reverse the judgment on the ground that it was *493 against the weight of the evidence. We are not here concerned with the weight of the evidence. Considerable testimony was offered with reference to the state of the business and the amount of receipts from it before and after the sale of the theatre to Gray.
The defendants objected to the admission of evidence touching the receipts for a considerable period after the purchase and after the enterprise had passed under the control of Gray. In overruling that objection it appears from the record that the trial court made some suggestion that it would, at the proper time, instruct the jury as to the proper application of that testimony.
The matter in dispute was the value of the theatre at the time of the purchase. It is perfectly clear that this value could not be ascertained by proving the receipts of the theatre during the period subsequent to the time of the sale. All of the conditions may have changed, the circumstances may have been different, the management may have been different, the state of competition. in the neighborhood may have been different. Now, if testimony should be produced showing that all of the circumstances surrounding the enterprise after the sale were substantially the same as be-, fore, testimony concerning the receipts afterwards would be competent as throwing light upon the issue as to fraudulent representations made by the defendants concerning the receipts at the time of the sale. But it was clearly the duty of the court, his attention having been challenged to the matter, to instruct the jury that any testimony touching *494 the value of the property, after Gray had come into the control and management of it, could not be considered by them in estimating the actual value at the time of the sale, but should be limited to the light it might throw on the issue of false representations made by the defendants to induce plaintiff to make the purchase. Even if it be conceded that sufficient grounds were laid by the plaintiff, as above indicated, to make the testimony competent, it should have been limited by the court in its instructions to the jury as above stated. This was not done and in the omission to do so the court materially erred to the prejudice of the defendants.
Testimony was admitted which showed that Gordon, after the commencement of Gray’s suit for fraud, had begun suits on a certain note and mortgage made by Gray in the transaction. On the trial the defendant Gordon requested the court to charge the jury in writing before the argument as follows: “I say to you that the fact, if you find it to be a fact, that the defendant, Arthur M. Gordon, has taken judgment against the plaintiff on cognovit notes, or has a suit pending against the plaintiff, in foreclosure, has nothing to do with the merits of this case and is not to be considered by you in any manner as reflecting upon the claims made by plaintiff against said defendant.”
In view of the evidence introduced we think it clear that the defendant was entitled to have this charge given before the argument, as requested. In the general charge the matter requested was substantially given to the jury with this modifica *495 tion in the language, “has nothing to do with the merits of the case so far as the question of fraud is concerned.” The pendency of the suit in question was not proper to be considered by the jury touching the merits of this case, and the general charge did not cure the error of the court in depriving the defendant of his substantial legal right.
As stated above, the court of appeals included in its entry, as ground for reversing the judgment of the court of common pleas, “error in general charge.”
Counsel for both parties agree that the essential matter to which this finding referred was the part of the charge concerning the measure of damages. It is as follows: “You will award him [plaintiff] as damages so far as shown by the evidence the difference, if any, between the actual value of the property and business of the Majestic theatre at the time of the sale and the value of the property if it had been at the time of the sale as it was represented to be.”
We think this charge was correct. It is in accordance with a long-established rule based upon reason and authority, and has recently been approved by this court in Elder et al. v. Shoffstall et al., 90 Ohio St., 265.
As already indicated, the court of appeals, upon whom rested the duty of weighing the evidence, several times indicated in its opinion its inability to account for the verdict of the jury in the light of the record. The verdict was for $14,750. No reason appears on the record why the plaintiff .remitted $750 of the verdict. The price agreed to be *496 paid for the theatre was $12,500. The sale was made December 28, 1914. The verdict of the jury was rendered five months thereafter, June 1, 1915.
We think it clear that the court of appeals was justified in coming to the conclusion that the errors of law must have resulted in prejudice to the defendants, and its judgment will be affirmed.

Judgment affirmed.

Newman, Jones, Matthias and Johnson, JJ., concur.